## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN F. DeFORGE, | No. CIV S-03-2285-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). Pursuant to the consent of the parties, this case is before the undersigned for final decision on plaintiff's motion for summary judgment (Doc. 13) and defendant's cross-motion for summary judgment (Doc. 15).

/ / /

/ / /

/ / /

/ / /

# I. BACKGROUND

Plaintiff applied for disability insurance ("DI") on July 12, 2001, based on disability. In his application, plaintiff claims that his impairment began on January 25, 2001. Plaintiff claims his disability consists of a combination of pain, lack of memory secondary to brain surgery, and depressive disorder. Plaintiff is a United States citizen born February 23, 1954, with a high school education.

Plaintiff's claims were initially denied. Following denial of his request for reconsideration, plaintiff requested an administrative hearing, which was held on October 17, 2002, before Administrative Law Judge ("ALJ") Laura Speck Havens.

In her February 25, 2003, decision, the ALJ made the following findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in the Social Security Act and is insured for benefits through the date of this decision;

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability;

3. The claimant has an impairment or a combination of impairments considered "severe" based on the regulations;

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4;

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible;

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments;

7. The claimant has the following residual functional capacity: he is able to lift and carry 25 pounds frequently and 50 pounds occasionally; he is able to sit, stand, and/or walk for about six hours of an eight-hour workday; he is limited to occasional use of the right upper extremity; he has a limited ability to handle, finger, and feel with the right upper extremity; he is precluded from climbing ladders, ropes, and scaffolds; he is limited to occasional balancing and crawling; and, he must avoid unprotected heights;

8. The claimant is unable to perform any of his past relevant work;

9. The claimant is a younger individual between the ages of 45 and 49;

|   |     |                                                                                                                                                                                                                                                                                                                                                                                                    |
|---|-----|----|
| 10. | | The claimant has more than a high school education; |
| 11. | | The claimant has no transferable skills from any past relevant work; |
| 12. | | The claimant has the residual functional capacity to perform a significant range of medium work; |
| 13. | | Although the claimant's exertional limitations do not allow him to perform the full range of medium work; using Medical-Vocational Rule 203.29 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform; examples of such jobs include work as a ticket seller and as a storage facility rental worker; and |
| 14. | | The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision. |

Based on these findings, the ALJ concluded that plaintiff was not disabled and, therefore, not entitled to DI benefits. After the Appeals Council declined review on August 29, 2003, this appeal followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." See Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the

3

finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III.  DISCUSSION

In his motion for summary judgment, plaintiff argues the ALJ erred in concluding that his depressive disorder caused minimal, if any, limitation and was, therefore, not severe. Plaintiff also argues that the ALJ erred by failing to include his depressive disorder in hypothetical questions posed to the vocational expert.

**A.     Severity of Plaintiff's Depressive Disorder**

In order to be entitled to benefits, the plaintiff must have an impairment severe enough to significantly limit the physical or mental ability to do basic work activities. See 20 C.F.R. §§ 404.1520(c), 416.920(c).[1] In determining whether a claimant's alleged impairment is sufficiently severe to limit the ability to work, the Commissioner must consider the combined effect of all impairments on the ability to function, without regard to whether each impairment alone would be sufficiently severe. See Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996); see also 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 404.1523 and 416.923. An impairment, or combination of impairments, can only be found to be non-severe if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. See

---

[1] Basic work activities include: (1) walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. See 20 C.F.R. §§ 404.1521, 416.921.

Social Security Ruling ("SSR") 85-28; see also Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28). The plaintiff has the burden establishing the severity of the impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings. See 20 C.F.R. §§ 404.1508, 416.908. The plaintiff's own statement of symptoms alone is insufficient. See id.

Pursuant to SSR 85-28, the ALJ in this case made the specific finding that "the claimant's alleged depression and other alleged mental impairments cause minimal, if any, limitations" and concluded that they were non-severe. In making this determination, the ALJ relied on the opinions of David C. Richwerger, Ed.D., and Phillip MacFarland, Ph.D., who are both consulting psychologists for the Disability Determination Service. Dr. Richwerger noted that plaintiff had some difficulties with verbal memory. He also noted, however, that plaintiff smelled of alcohol at the time of his examination and that his memory scores may have been affected by alcohol use. Dr. Richwerger expressed the need to rule out alcohol abuse.

Similarly, during his examination with Dr. MacFarland, plaintiff stated that he drank about a six-pack of beer a day. Dr. MacFarland noted that plaintiff smelled of alcohol and diagnosed alcohol abuse with secondary depressive disorder.

The ALJ also considered two Psychiatric Review Technique Form ("PRTF") assessments, also from DDS consulting doctors. Both opined that plaintiff's mental impairments are not severe.

Plaintiff asserts that, in making her assessment as to the severity of plaintiff's mental impairment, the ALJ failed to consider some of plaintiff's medical records. In particular, plaintiff's brief refers the court to medical records covering the period March 10, 2003, through June 3, 2003 – dates after the ALJ's decision in this case was issued. These records consist of progress notes from San Joaquin County Mental Health Services. Plaintiff states these records show that he was depressed, tearful, and suicidal. Plaintiff states that doctors at San Joaquin County Mental Health Services planned to increase the dosages on his medications. Plaintiff

1  argues that this medical evidence, coming from his treating mental health care provider, is
2  entitled to more weight than evidence from DDS consulting doctors.
3        As an initial matter, the court rejects plaintiff's contention that this medical
4  evidence was not considered by the agency.  While it is true that these particular records were
5  not before the ALJ at the time she issued here decision, the record clearly shows that the Appeals
6  Council considered the records.  The order of the Appeals Counsel specifically states that it
7  received additional evidence consisting of records from San Joaquin County Mental Health
8  Services, dated February 24, 2003, through June 3, 2003.  Moreover, the Appeals Council's
9  order also states that, in light of the new evidence, there is no reason to review the ALJ's
10 decision.
11       The question, then, is whether there is substantial evidence in the record as a
12 whole – including the medical records from San Joaquin County Mental Health Services – to
13 support the ALJ's finding that plaintiff's mental impairments were not severe.  In reaching the
14 conclusion that the records from San Joaquin County Mental Health Services did not change the
15 ALJ's analysis, the Appeals Council must have rejected any medical opinions contained in those
16 records.  While it is clear that the agency considered this evidence, the court concludes that it
17 failed to properly outline its reasons for rejecting the opinion of a treating medical provider.
18       The weight given to medical opinions depends in part on whether they are
19 proffered by treating, examining, or non-examining professionals.  See Lester v. Chater, 81 F.3d
20 821, 830-31 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating
21 professional, who has a greater opportunity to know and observe the patient as an individual,
22 than the opinion of a non-treating professional.  See id.; Smolen v. Chater, 80 F.3d 1273, 1285
23 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).  The least weight is given
24 to the opinion of a non-examining professional.  See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4
25 (9th Cir. 1990).
26       In addition to considering its source, to evaluate whether the Commissioner

properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence. See Lester, 81 F.3d at 830. This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states his or her interpretation of the evidence, and makes a finding. See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989). Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional. See Lester, 81 F.3d at 830-31. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. See id. at 831. In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

        Because the agency did not set out any reasons – let alone specific and legitimate reasons – for rejecting the opinions contained in the San Joaquin County Mental Health Services records, the court cannot conduct the required review. Based on the arguments contained in her briefs, defendant essentially asks this court evaluate the San Joaquin County Mental Health Services records and conclude that substantial evidence nonetheless supports the ALJ's findings. For example, defendant argues that it is strange that plaintiff only sought treatment for his depression after he received the unfavorable ALJ decision. However, defendant's arguments go

to the weight to be given the evidence.  This is a determination the agency should make in the first instance.  A remand is, therefore, appropriate.

### B. Hypothetical Questions

Hypothetical questions posed to a vocational expert must set out all the substantial, supported limitations and restrictions of the particular claimant.  Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989).  If a hypothetical does not reflect all the claimant's limitations, the expert's testimony as to jobs in the national economy the claimant can perform has no evidentiary value.  DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991).  While the ALJ may pose to the expert a range of hypothetical questions, based on alternate interpretations of the evidence, the hypothetical that ultimately serves as the basis for the ALJ's determination must be supported by substantial evidence in the record as a whole.  Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir. 1988).

Here, plaintiff argues that the ALJ erred because the hypothetical questions he posed to the vocational expert did not contain a description of his depressive disorder.  For this argument to be successful, the court would have to be able to conclude that plaintiff's depressive disorder was, in fact, severe such that it should have been included in any hypothetical questions.  However, for the reasons discussed above, the court cannot at this time review the agency's conclusion as to plaintiff's depression.  Therefore, it is also impossible to evaluate plaintiff's argument concerning hypothetical questions.

### IV.  CONCLUSION

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross motion for summary judgment is denied;

3. This matter is remanded for further proceedings consistent with this order; and

4. The Clerk of the Court is directed to enter judgment and close this file.

DATED: February 23, 2006.

                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE